(No. 28240.—)

WILLIAM WOLLSCHLAEGER *et al., vs.* ALVINA ERDMANN *et al.*—(A. G. WIPPERMAN, Appellant, *vs.* ALVINA ERDMANN, Appellee.)

*Opinion filed March 21, 1945—Rehearing denied May 21, 1945.*

TATGE & TATGE, and ROBERT F. KOLB, both of Chicago, for appellant.

HAROLD L. REEVE, and ELMER M. LEESMAN, both of Chicago, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal to review the judgment of the Appellate Court, First District, affirming the judgment order of

the circuit court of Cook county denying the motion of appellant to set aside an order entered by the circuit court discontinuing a partition proceeding which had progressed to a decree of sale entered. To this proceeding appellant had been made party. In the decree it was found and decreed that appellant, who was the holder of a judgment against Anna Herzog, one of the cotenants herein who was found to have an undivided two-fifteenths interest in the premises, had a lien on the interests of Anna Herzog to the extent of a judgment of $6698.55, less $261.62 paid thereon. This judgment originally ran to appellant, Wipperman, and the First National Bank of Chicago. The latter was dropped as a party in the Appellate Court. Wipperman is the only appellant here.

No sale was had under the decree. It appears from the petition filed by appellant in the circuit court that, on December 22, 1942, some five and one-half years after the entry of the decree for sale, one Edna Mix, who was a cotenant and part owner of the property to be partitioned, filed a petition for discontinuance of the cause. The notice of this petition was directed to the cotenants, only, and to one Theresa Swift, as assignee of a judgment which the decree for partition found ran against the interest of William Wollschlaeger, another cotenant in the premises. No notice of this petition was served upon appellant or his counsel.

The petition for discontinuance alleged that all the cotenants, including William Wollschlaeger, had conveyed their interests in the lands to one Alvina Erdmann, also a cotenant, and that "all the parties in interest in said cause," except Theresa Swift, had entered into a transaction whereby the property had been sold to Alvina Erdmann and by such transaction said parties to the suit, except Theresa Swift, had adjusted their rights between themselves since the decree of partition, and that "all parties having an interest in said premises" were willing that the

said suit be dismissed at plaintiff's costs and the suit stayed, under section 42 of the Partition Act. (Ill. Rev. Stat. 1943, chap. 106, par. 41.) The petition asked that all parties be ordered to plead and make any objection to the dismissal of the cause, if any they had, or be decreed to have waived the same. Pursuant to that petition, no one appearing to object, the judgment order of the circuit court was entered on December 22, 1942, finding that subsequent to the decree of March 6, 1936, all of the parties having any interest in the property referred to in the decree had adjusted their respective rights among themselves, and that further proceedings looking to an actual division had become unnecessary, and ordered the proceedings in the cause discontinued.

Appellant, in his petition to set aside the order of discontinuance, avers that he first learned of the entry of the order and the petition of Edna Mix for discontinuance, dated December 22, 1942, shortly before September 9, 1943, on which date he made a motion for leave to file a petition asking that the court proceed with the sale of the premises. To this petition Alvina Erdmann filed a motion to dismiss, on the ground that the lien of appellant's judgment had expired, as it had been entered on May 7, 1933, and not thereafter revived according to law, and that appellant had no standing in court and no interest in or lien upon the real estate involved, and had no such interest at the time the order of discontinuance was entered. She also alleged in her motion that petitioner had never at any time had such interest in the real estate as entitled him to sale in partition, since his claim was as judgment lienor who had no right to force partition. It was also alleged in this motion that titleholders of the land had a right to discontinue the suit without the consent of the petitioner and over his objection, since the right to file a partition suit is in the titleholders and not in judgment

lienors. It is also alleged that the court had lost jurisdiction to vacate the order of December 22, 1942, as more than thirty days had elapsed since its entry. As we have stated, the circuit court denied the motion to set aside the order of discontinuance and its judgment order was affirmed by the Appellate Court. The cause is here on leave to appeal granted.

Appellant contends that section 42 of the Partition Act gave no authority to discontinue the cause after the entry of the decree of sale, for the reason that the statement in the petition for discontinuance, "that all parties having any interest in said property" have adjusted their rights, was false; that appellant was a party in interest and was made a party by summons in the partition suit, and that the decree found that he had a lien on the interest of Anna Herzog for his judgment of $6698.55. He points out that the amended bill for partition recited that he had some interest in the premises sought to be partitioned and that his answer to that amended complaint, filed September 4, 1935, admitted that he had such an interest, and he declares that this interest was and is a good and valid judgment existing as a lien against the undivided interest of Anna Herzog. At the time this answer was filed there was no contention that the lien of his judgment had expired.

Section 42 of the Partition Act, as amended in 1937, provides: "In any case where, after decree of partition, and before division or sale is had (as the case may be), the parties in interest shall have adjusted the respective rights among themselves so that further proceedings looking to such actual division or sale become unnecessary, an order shall be entered discontinuing further proceedings, whereupon the decree of partition shall remain in full force and effect to determine the rights and interests of the parties as adjudicated therein, and there shall be no judicial

division or sale of the premises, rights or interests pursuant to such decree."

Appellant argues that because he was made a party to the partition proceedings as one having an interest in the premises, which interest he admitted in his answer, and because he in fact did have an interest as a judgment lienholder against the share of Anna Herzog, and because the court found in the decree of sale that her share was subject to the lien of his judgment, he is entitled to have the judgment sale carried out. Appellees, on the other hand, argue that because he, as a judgment lienholder, did not at any time have a right to force a sale of the premises in partition, and because his judgment lien had expired before the petition for discontinuance was filed, he is entitled to no relief here.

That he was a party in interest cannot be denied, nor can it be denied that he, as such, under section 42 of the Partition Act, was entitled to notice of the petition for discontinuance. It appears from his petition that he received no such notice; that the statement made in the petition of Edna Mix for discontinuance to the effect that all parties in interest had adjusted their rights between themselves since the decree, and that all parties having an interest in the premises were willing that the said suit be dismissed and the suit stayed, was false so far as appellant was concerned. It follows that the circuit court had no right to discontinue the cause without his agreement thereto without notice to him. He was entitled to be heard on the matter of the discontinuance of the partition suit. His interest in the premises had been averred in the complaint for partition, admitted in his answer, and found in the decree. There is no contention that at the time the decree was entered his judgment lien was not properly made the subject of a finding in the decree that he had such interest in the premises. Appellee says that even though this be true, appellant should have, by *scire facias*, revived his

lien, and that, not having done so, and the judgment having expired at the time the order of discontinuance was entered, he has no right to have the order of discontinuance set aside.

Counsel for appellee do not present authorities, and we know of none, holding that once a lien has been merged in a decree it may expire by limitation of time and thereafter the decree be set aside, leaving the lienholder without any remedy. Certainly such would be an unconscionable rule. Section 42 of the Partition Act does provide that upon discontinuance "the decree of partition shall remain in full force and effect to determine the rights and interests of the parties as adjudicated therein." The decree in this proceeding tolled the running of the statute affecting the limitation of his judgment lien. (*Town of Kaneville* v. *Meredith,* 361 Ill. 556.) Certainly, in this case appellant's rights and interests in the premises were adjudicated in the decree. He having had no notice of the application for discontinuance, we are of the opinion that such discontinuance should be set aside as to him, with the opportunity to urge objections thereto.

Appellant says it will be of no avail to him if he cannot have the order of this court directing the sale. This court is unable to see, however, wherein his rights may not be protected by the chancellor when the cause is returned to the circuit court.

The judgment of the Appellate Court is reversed and the cause remanded to the circuit court, with directions to set aside the order of discontinuance as to appellant, and for further proceedings in accordance with the views herein expressed.

*Reversed and remanded, with directions.*

Mr. Justice Gunn, specially concurring.